IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER MITTAKARIN,<br><br>*Defendant.* | Case No. 1:24-cr-191<br><br>Count One:<br>18 U.S.C. § 641<br>(Theft of Government Property)<br><br>Count Two:<br>18 U.S.C. § 641<br>(Theft of Government Property)<br><br>18 U.S.C. § 981(a)(1)(C) & 28 U.S.C.<br>§ 2461(c)<br>Criminal Forfeiture |

**SUPERSEDING INDICTMENT**
August 2024 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

*(Public Money, Property or Records – Theft of Government Property)*

Between November 16, 2023 and August 1, 2024, within the Eastern District of Virginia, the defendant, XAVIER MITTAKARIN, willfully and knowingly attempted to and did steal property of the United States (to wit: laptop computers owned by the United States Customs and Border Protection that were stored at their Lorton, Virginia facility in Room 1008, each laptop computer having a value over 1,000 dollars), and received, concealed, and retained stolen property of the United States, with intent to convert said property to his own use, knowing the property was stolen.

(In violation of Title 18, United States Code, Section 641).

## COUNT TWO

*(Public Money, Property or Records – Theft of Government Property)*

On June 10, 2024, within the Eastern District of Virginia, the defendant, XAVIER MITTAKARIN received, concealed, and retained stolen property of the United States (to wit: one laptop owned by the United States Customs and Border Protection, having a value over 1,000 dollars and located in the trunk of the defendant's vehicle), with intent to convert said property to his own use, knowing the property was stolen.

(In violation of Title 18, United States Code, Section 641).

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of the violation alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to, a monetary judgment in the amount of not less than $16,706.76, representing the proceeds the defendant obtained as a result of the offense charged in count one.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)).

A TRUE BILL

_____
FOREPERSON

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office*

Jessica D. Aber
United States Attorney

By: _____
Antara Joardar
Special Assistant United States Attorney
April Russo
Assistant United States Attorney